## WILLIAMS V. MILLER.

1. AMENDED PLEADINGS. To make a new or additional pleading is to amend, and may be done with the leave of the court at any stage of the proceedings.
2. SAME. After issue was joined by plaintiff's replication, defendant filed a rejoinder setting up new matter. After the jury were sworn and the trial had progressed, the court granted plaintiff leave to file a surrejoinder. Held that there was no error in granting such leave.
3. *Swan* v. *Cole*, 4 G. Greene 32, overruled.
4. PUIS DARIEN CONTINUANCE. When a pleading is in the nature of a plea *puis darien continuance* it can be filed only by the leave of the court.

*Appeal from Polk District Court.*

SATURDAY, APRIL 7.

THE facts involved in this case are fully stated in the opinion of the court.

*Casady & Crocker* for the appellant.

I. The pleadings should all be in and the issues made up before the jury is sworn. *Swan* v. *Cole,* 4 G. Greene 32; Code section 1742.

*John Mitchell* for the appellee relied upon *Cannon* v. *Folsom,* 2 Iowa 101; *Adams* v. *Foley,* 4 Iowa 44; Code section 959.

LOWE, C. J.—This suit was brought to recover of the defendant the value of a certain amount of lumber, which, according to the terms of the written agreement, he had stipulated to furnish at times and places therein specified, for a consideration received and to be received. The defendant in his answer controverts the claim of the plaintiff and also sets up a counter claim of $394,03. A replication in the nature of a general traverse was filed, after which the defendant filed what he termed a rejoinder, in which he sets up an entirely new defense, that of payment, and a receipt in full of the plaintiff's claim, dated 18th of March 1859. This pleading was not noticed by the plaintiff until after the jury was sworn and the trial had progressed, when by leave of court he was permitted to file what he called a surrejoinder, which was a simple denial of his adversary's pleading. Verdict and judgment for plaintiff for $276.29. The defendant brings this cause into this court and complains that the court below erred: 1st, in permitting the plaintiff to file a surrejoinder after the jury had been sworn to try the issues joined in said cause; 2d, in giving the first instruction of the plaintiff and refusing to give the first and second instructions of the defendant, and also in qualifying before giving the third instruction of the defendant; and 3rd, in overruling the motion for a new trial.

To make a new or additional pleading, in the sense of the Code, and the spirit of liberality with which it must, by its own terms, be construed, is *to amend,* which under sections

1758 and 1759 of the Code may, with the leave of the court, be done at any stage of the proceedings, but upon such terms as the court, under the circumstances, may impose. In this case the court permitted the plaintiff to file a pleading traversing the defendant's rejoinder, after the jury was sworn. This is claimed to be error, and 4 G. Greene 32 is cited in support of the claim. It is true that in the authority alluded to, it is held that the filing of a new or amended pleading, after the jury was sworn, by which the issue was changed, was inadmissable and erroneous. We do not so view it. We do not understand that the jury are sworn to try the issue as already made between the parties, but to try the issue, whatever it may be, when the cause is finally submitted to them. But if the oath administered did in its terms limit the consideration of the jury to the issue then formed, it does not follow that on that account the pleadings in the case could not be changed or completed, because this right is expressly secured to each party at any stage of the proceedings. Under such circumstances it might be proper to reswear the jury, or to dismiss them and continue the cause, and to impose terms upon the negligent party. But the omission of any or all of these is not made the gravamen of the complaint. There is still another answer to this objection. The pleadings in this cause were in fact brought to an issue by the plaintiff's replication. The pleading called a rejoinder is not in legal parlance a rejoinder, for it rejoined to nothing. It set up a distinct substantive defense, matters in bar of the action which had occured since the last adjournment of the court, and was in the nature of a plea of *puis darien continuance*. As it was not in conformity with the previous pleadings, it took the place of the first answer, and as such could not have been filed except with the leave of the court. If it was not given, as the record indicates, the pleading could have been very properly disregarded by the court.

Exceptions also are taken to the instructions given and refused, which we have carefully inspected, but find no ques-

tion of so doubtful an import as to merit a distinct notice.

Judgment affirmed.