UNDERWOOD v. BISHOP, *Plaintiff in Error.*

**Practice—Supreme Court**: PLEADINGS: AMENDMENTS. Where leave to amend a pleading, by interlineation has been granted by the trial court, the Supreme Court will regard the amendment as made, al- though the verbal changes may not actually have been made.

*Error to Scotland Circuit Court.*

*E. R. McKee* for plaintiff in error.

NAPTON, J.—This is an ejectment, originally in the name of Pemberton Watson, guardian and curator of the person and estate of John Underwood, an insane person, against Bela G. Bishop. After the answer and replication were filed and the case was ready for trial, leave was granted the plaintiff to amend his petition, so as to make the action in the name of the insane person, by his guar- dian, &c., instead of by the guardian as plaintiff, in accor- dance with *Reed v. Wilson*, 13 Mo. 29. This was by consent allowed to be done by interlineation. The change was made in the caption, but not in the body of the petition, and, of course, the petition was verbally unmeaning, as it read, that the plaintiff, Underwood, was guardian of Un- derwood, &c.

The case was tried by jury, and a verdict for plaintiff and judgment rendered accordingly. The judgment is entered correctly. The writ of restitution, issued on the judgment, recites it incorrectly, and is copied by the clerk in the record. The certificate of the clerk, however, correctly recites the action and judgment.

When the circuit court, in accordance with plaintiff's motion, ordered the amendment, it is to be regarded here as having been made, and it is immaterial whether the verbal changes are made or not. It is not the business of this court, upon writs of error or appeal, to revise clerical omissions or mistakes, if the substance of what is intended sufficiently appears. The judgment is affirmed. The other judges concur.

AFFIRMED.