Merrill v. The City of St. Louis.

MERRILL *et al.* v. THE CITY OF ST. LOUIS *et al., Appellant.*

1. **Practice**: PARTIES: HUSBAND AND WIFE: DISCRETION OF COURT. In an action for damages by a married woman for personal injuries the husband is a necessary party, and where the action is begun by the wife alone the trial court may, in its discretion, allow the husband to be joined with her during the trial.

2. ———: AMENDMENT: WAIVER. Where the record shows that the court, by an order, granted permission to amend the petition by making the husband a party plaintiff, and the formal amendment is not made, but the defendant proceeds to trial without objection, the Supreme Court will treat the case as if the amendment had been made.

3. ———: JOINDER OF PARTIES DURING TRIAL: RE-SWEARING JURY: WAIVER. Where the husband is joined as a nominal party plaintiff after the beginning of the trial, in a case where the judgment would enure to the separate use of the wife, and the proof of the fact of coverture is elicited by the defendant, failure to re-swear the jury after joining the husband is not reversible error, where defendant does not ask it and proceeds to trial without objection.

4. ———: WAIVER OF CONSTITUTIONAL RIGHT. In a case where only the parties plaintiff and defendant are interested a party may waive a constitutional right. He may waive his right to demand a jury or to have it sworn.

5. Married Woman, Tort of: LIABILITY: SEPARATE ESTATE. A married woman who manages realty, the legal title to which is in a trustee for her sole and separate use, in such negligent manner that another receives a personal injury thereby, is guilty of a tort and is liable in damages therefor.

6. Judgment: EXECUTION: TORT. A general judgment against a husband and wife for the tort of the latter not committed in the husband's presence or by his coercion, is binding upon both and the separate property of the wife may be taken in execution.

## *Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellants.

(1) The verdict was excessive. In such case the judgment will be reversed. *Benson v. Railroad Co.*, 78 Mo. 504; *Marshall v. Railroad Co.*, 78 Mo. 610. (2) It was error to admit John Merrill as a party plaintiff during the progress of the trial. He was a necessary party (R. S. § 3468) and could have been brought in by an amendment of the petition. R. S. § 3568. But it was evident Mrs. Merrill was engaged in perpetrating a fraud upon the court in posing as a single woman, and she should have been punished by compelling her to submit to a nonsuit and to resort to a new action. (3) Upon the introduction of John Merrill as a party plaintiff, defendants were entitled to an amendment of the petition. R. S. § 3568. It was error to proceed with the trial under the original petition. (4). The defendants were entitled to a continuance as a matter of course, on a new plaintiff being introduced into the cause. (5) The jury should have been re-sworn after John Merrill was made a party plaintiff. The verdict was not given under the sanctity of an oath and was no verdict. No judg-

ment can be entered upon it. Constitution of Mo., Art. 2, § 28; *Bank v. Anderson*, 1 Mo. 244. (6) The judgment is a general one against all of the defendants, one of whom, Mrs. Duffer, is a married woman. It is void under the doctrine that a personal judgment against a married woman is void. *Higgins v. Peltzer*, 49 Mo. 152; *Corrigan v. Bell*, 73 Mo. 53. The judgment is an entirety, and being bad as to one defendant is bad as to all. *Ins. Co. v. Clover*, 36 Mo. 392. (7) Judgment should have been arrested. The petition does not state a cause of action in favor of plaintiffs and against Lucinda M. Duffer. (8) The jury were not properly instructed as to the relation borne by John Merrill to the controversy.

*Charles T. Noland* for respondent.

(1) Appellate courts will not reverse a judgment on the ground that the verdict is excessive, unless it is manifest that injustice has been done. The verdict must be such as to clearly indicate that the jury acted in disregard of the evidence, or from passion, or prejudice, or corrupt motives. *Woodson v. Scott*, 20 Mo. 272; *Barth v. Merritt*, 20 Mo. 567; *Wells v. Sanger*, 21 Mo. 354; *Goetz v. Ambs*, 27 Mo. 28; *Kennedy v. North Mo. R. R.*, 36 Mo. 351; *Graham v. Pacific R. R.*, 66 Mo. 536; *Porter v. Hannibal & St. Joe R. R.*, 71 Mo. 66; and the cases cited by appellant in 78 Mo. 504 and 610 also sustain this doctrine. (2) Defendants should have raised the point of a defect of parties in their answer or by demurrer. They cannot be relieved here. R. S. §§ 3515, 3519; *Reugger v. Lindenberger*, 53 Mo. 364; *Kerr v. Bell*, 44 Mo. 124. Amendments being largely in the discretion of the trial court, this discretion will not be disturbed unless abused. *Ensworth v. Barton*, 67 Mo. 622; *Chauvin v. Lownes*, 23 Mo. 223; *Taylor v. Ladew*, 33 Mo. 205. (3) No amendment of the petition by interlineation or otherwise was necessary, the court having ordered the record to show all that was necessary. *Underwood v. Bishop*, 67

Mo. 374. (4) The court did not abuse its discretion in refusing a continuance. *State v. Klinger*, 43 Mo. 127; *Calhoun v. Crawford*, 50 Mo. 458. The application was not in writing as required by statute. R. S. §§ 3593, 3595, 3597. (5) The defendants did not ask to have the jury re-sworn, and their objection that it was not done will not be heard now. *Williams v. Miller*, 10 Iowa 344; *Arnold v. Arnold*, 20 Iowa 273; *Hinkle v. Davenport*, 38 Iowa 235; *Scott v. Moore*, 41 Vermont 205; *Hardenbough v. Crary*, 15 How. Pr. 307; *Knowles v. Rexroth*, 67 Ind. 59. (6) A judgment against husband and wife for the wife's tort when it is strictly her tort and not done by the husband's coercion is an exception to the rule that a general judgment against a married woman is void. 2 Kent. Com. 149; 4 Blackstone Com. 29 *m*; *Meegan v. Gunsollis*, 19 Mo. 418; Bishop on Married Women, § 905; Schouler on Husband and Wife, § 134; *Wagner v. Bibb*, 19 Barb. 321; *Keen v. Hartman*, 48 Pa. St. 497; *Marshall v. Oakes*, 51 Me. 308; *Hildreth v. Camp*, 41 New Jer. L. 306; *Cassin v. Delany*, 38 N. Y. 178; *Daily v. Houston*, 58 Mo. 361; *Simmons v. Brown*, 5 Rhode Island 299. If Lucinda Duffer was a necessary party then the judgment must stand, for the only judgment that could be rendered against her was rendered. But if she was not a necessary party then this court will simply strike out her name from the judgment and allow it to stand. This it has the power to do. R. S. § 3570; *Weil v. Simmons*, 66 Mo. 617; *Cruchan v. Brown*, 57 Mo. 38; *LaRiviere v. LaRiviere*, 77 Mo. 512; *Jackson v. Bowles*, 67 Mo. 609; *Thompson v. Mosely*, 29 Mo. 477; *Parry v. Woodson*, 33 Mo. 347. (7) A judgment will not be reversed in a civil case for want of proper instructions when they were not asked. *Express Co. v. Kountz*, 8 Wall. 342.

PHILIPS, C.—This is an action to recover damages for injuries sustained by the plaintiff, Hannah M. Merrill, from falling through a coal hole in the sidewalk on

one of the streets of St. Louis city. The action was brought in the name of said Hannah alone, as if she were a *feme sole*. The petition alleged that the legal title to the real estate adjoining the sidewalk, where the injury occurred, was in James M. Duffer, who held the same in trust to the sole use of his wife, Lucinda M. Duffer, who were made co-defendants with the city of St. Louis. It was further alleged that said premises were used by said Duffer and wife, and the hole or opening in the sidewalk was used by them in conveying coal to the cellar under the house; that said coal hole was defective, etc., whereby Mrs. Merrill fell into the same, and was greatly injured. The answer tendered the general issue.

The plaintiffs' proof showed that Mrs. Merrill received injury as alleged; but not of a serious character. In the progress of the trial, it was developed on cross-examination of Mrs. Merrill, that she was at the time of the institution of the suit, and yet is, a married woman. She stated that long prior to the institution of this action her husband had gone off, and she was under the impression that he was dead, and did not know the contrary until on the morning of that day, when he unexpectedly appeared in the city and court house. She did not mention the fact, however, of his appearance. On the development of the fact on cross-examination, the plaintiff, by her attorney, asked leave of the court to amend the petition by making the husband a co-plaintiff. The defendants objected. Thereupon the defendants asked for a continuance of the case, when the following colloquy occurred between the court and defendants' counsel. "The court: Upon what ground do you ask for a continuance? Counsel: Because John Merrill is made a party plaintiff to this action. The court: If you are surprised in any way, or if it will change your defence, or if you are injured in any way in making any defence you may have in this case, I will continue the case, otherwise the trial will proceed. Counsel: We cannot say that. The court: Mr. Clerk,

enter the fact upon the record that John Merrill, by order of the court, is made a party plaintiff to this suit as the husband of Hannah Merrill. Let the case proceed.''

The clerk made entry accordingly in the court minutes; but the amendment was not formally made in the petition. Thereafter the trial proceeded without further objection on this account. The jury was not re-sworn after the admission of John Merrill as a co-plaintiff. The jury returned a verdict in favor of plaintiffs against the defendants for the sum of $2000. After ineffectual motions for new trial and in arrest, the defendants appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed; and defendants prosecute their appeal to this court.

The controlling questions of law were carefully considered and determined in this case by the court of appeals (12 Mo. App. 466). We are urged to review that decision by appellants' counsel in an argument of much force. Out of respect to him, as well as the importance of the questions of practice involved, we have thought proper to yield to the invitation.

I. It is urged that the circuit court erred in admitting the husband of Mrs. Merrill as a co-plaintiff, especially without terms. It is not disputed that the husband was a necessary party plaintiff as declared in section 3468, R. S.; nor that the trial court had the power, at any stage of the proceedings, in furtherance of justice, to order such necessary party to be brought in by a simple amendment of the petition, as provided by section 3568, R. S. But the contention of counsel is, that although Mrs. Merrill may not have known her husband was living, and may have believed him to be dead when she instituted the action, yet her continued prosecution of it in her name as a *feme sole* after the discovery of his existence and presence in the city, was a fraud on the court and the administration of justice, which should have been punished by a discontinuance of the action.

We admit the apparent justice and force of the sugges-
tion. And had the court seen fit, on this state of the
proof to rebuke her misconduct by dismissing her action or
continuing it at her costs, we would not have been disposed
to reverse the action of the court. But this was a matter
resting, in large measure, in the sound discretion of the
judge. He saw and heard the plaintiff, and had a better
opportunity than this court of judging of her good or bad
faith, and determining whether the ends of justice would
be promoted by continuing or discontinuing her action.
We cannot say that the discretion as exercised was unju-
dicial. Especially so in view of the fact that we do
not perceive that the defendants were in any wise in-
jured or prejudiced by the amendment. They would not
say that they were surprised, or that the action of the
court misled them, or that they had omitted any prep-
aration of their defence based on the assumption that
she was or was not a *feme sole*.

It is further insisted, in this connection, that al-
though the plaintiff had permission of the court to so
amend her petition, the amendment in fact was never
made. The record, however, does show that the order
was made by the court; and if the defendants thereafter
proceeded with the trial without objection, as though the
petition had been formally amended, this court will treat
the case as if the amendment had been made. This rule
of practice is now firmly settled by repeated decisions of
this court. *Underwood v. Bishop*, 67 Mo. 374; *Young
v. Glasscock*, 79 Mo. 574, and cases cited. This ruling
is responsive to both the requirement and spirit of the
practice act, sec. 3569, which declares that: "The court
shall, in every stage of the action, disregard any error or
defect in the pleadings or proceedings which shall not
affect the substantial rights of the adverse party; and no
judgment shall be reversed or affected by reason of such
error or defect."

II. It appears that after the husband was admitted
as a co-plaintiff the jury were not re-sworn. This is

assigned for error. It may be conceded that the admission of the husband as a party changed the actors; but he was a formal party, having no ultimate interest in the result. By express provision of the statute the judgment recovered would enure to the separate use of the wife. While it is true that the allegation of coverture implied, if not expressed, by his joinder as plaintiff presented a fact at issue under the general denials of the answer, yet the proof of the fact of coverture was elicited by the defendants, while the jury were under oath to try any matter properly arising under the issues. What harm, therefore, could possibly have come to the defendants by not re-swearing the jury to hear that which had already been developed? The less should this objection serve the defendants when they are availing themselves of the very fact of the coverture. Having developed the existence of the coverture, and thereon predicating the claim that the action should have been discontinued or at least continued for a term, the court and jury might very well have thenceforth treated this as an admitted fact on the trial. Nor did the defendants request to have the jury re-sworn, but proceeded with the trial without objection on this account. If the omission should be, at the time, overlooked by counsel, and his motion for new trial were accompanied with his statement to that effect, the proper practice, doubtless, to pursue would be for the trial court to grant a new trial, provided the amendment made after the trial begins introduces any new substantial issuable matter. *Scott v. Moore*, 41 Vt. 205; *Williams v. Miller*, 10 Iowa 344; *Arnold v. Arnold*, 20 Iowa 293.

III. In answer to the proposition that defendants by their course had waived the re-swearing of the jury, counsel suggest that the right of trial by jury is a constitutional right, that the jury to be a lawful jury must be under oath to try the issues (citing *Bank v. Anderson*, 1 Mo. 244), and it is then suggested that being a constitutional right it could not be waived. We are unable to

perceive that this suggestion rests on any solid ground. It is not an instance were the public are concerned. The parties plaintiff and defendant are alone interested. Why may not the litigant, in such a case, waive a privilege, a guaranteed right, to demand a jury, or have it sworn? The inviolability of contracts and private property are secured to the citizen by the organic law; but in the every day proceedings of the courts it is held that parties to contracts and claimants to property have waived their right to insist upon either. In every civil trial at law, on an issue of fact, the litigant has a constitutional right to demand a jury, yet by statutes (sec. 3602) it is provided how the parties may waive a jury, and it is constantly done. The Bill of Rights provides that the accused in criminal trials shall have the right "to meet the witnesses against him face to face." But it is held the accused can waive this constitutional guaranty. *State v. Polson*, 29 Iowa 188. This was followed and approved by this court in *State v. Wagner*, 78 Mo. 644. See, also, Cooley Const. Lim. (5th Ed.) 216; *State v. Worden*, 46 Conn. 349; *Dillingham v. State*, 5 Ohio St. 280; *Dodd v. Thomas*, 69 Mo. 370. In *Vaughn v. Scade*, 30 Mo. 600, while the court held the act of the legislature organizing the St. Louis law commissioner's court unconstitutional, in so far as it limited the number of jurors to six, yet it is suggested quite plainly, p. 604, that the right to demand the panel of twelve would be waived where the parties proceeded with a less number without objection.

IV. The more important question involved in this appeal is the action of the circuit court in rendering judgment *in personam* against Mrs. Duffer, a married woman. The court of appeals, in an able opinion, sustained the validity of the judgment. It is placed chiefly on the ground that Mrs. Duffer was the separate owner of the real estate, for the betterment of which the nuisance was maintained; that the neglect to keep the coal hole in repair was a tort; and a married woman, at common law,

is answerable personally in damages for her torts not committed in the presence or under the influence of her husband. The learned counsel for appellants does not controvert this general proposition. But his contention is, if we rightly comprehend his argument, that the court of appeals lost sight of the fact, or at least failed to meet it, that the legal title to the real estate was in the husband, who was managing the property and collecting the rents for her; and that in fact she neither created the nuisance, nor controlled the property on which it was permitted.

The title deed to this property does not appear in the record. The statement is, that the legal title was vested in the husband for the separate use of the wife. The property was acquired by Duffer about twenty-five years prior to the injury in question. There were no improvements on the lot when bought, and the husband testified that he had the house built and the improvements made thereon. He seems to have attended to renting and collecting rents thereon at times; at other times other persons attended to these matters, but whether under direction of the wife or husband does not appear. As a matter of course, in the absence of anything to the contrary appearing, we are bound to assume that all these things were done for the use and benefit of the beneficial owner of the property. She was the real party in interest. The husband was the mere depositary of the legal title. His was a dry, naked trust, not coupled with any interest. There is nothing in the record to show that he had acquired even an inchoate interest of curtesy. He is, therefore, to be regarded, in this discussion, as any other stranger who might be such trustee, with no greater or less obligations and responsibilities resting on him. 1 Bish. Mar. Wom., sec. 803.

Without discussing the duties of such a trustee towards the property thus held by him, to protect it against waste and trespasses, by lending his name to maintain the necessary actions for the benefit of his *cestui que trust*, or the right of a *feme covert*, in respect

of her separate estate, to appoint an agent, and the extent of her liabilities for his acts as such agent, it is enough to say that it quite clearly appears from the evidence that the coal hole, as originally constructed by the trustee, was properly and safely built. It became dangerous to foot passengers from neglect to keep it in repair. The question then occurs, who is the responsible party, so far as the public or the plaintiff, Mrs. Merrill, is concerned? In *Robbins v. Mount*, 4 Rob. (N. Y.) 553–559, the property, from the mismanagement of which the injury was alleged to have proceeded, belonged to minor children. Mount was the executor of the will, whose duty it was to collect and receive the income and rents of the estate for the benefit of the devisees. On the question of the liability of Mount for the imputed injury the court say: "The executor took no estate whatever in the land, his authority being a mere naked power to receive the rents, etc. The action was not, therefore, maintainable against the defendant, Mount, as owner. He neither placed the fixtures in the building, nor maintained them there. The owner of real property may be liable for the defective construction of his buildings or their appurtenances, without any immediate or active agency in the injury; but *such liability is confined to the owner*, and does not extend to agents, employes or servants of the owner."

By the charter of the city of St. Louis (sec. 9, art. 16) it is provided that whenever the city shall be liable to an action like this "by reason of the unauthorized or wrongful acts, or of the negligence, carelessness, etc., of any person; and such person be also liable to an action by the party so injured, the injured party, if he sue the city for damages suffered by him, shall also join such other person so liable, and no judgment shall be rendered against the city unless judgment is rendered against such other person so liable to be sued." It then further provides that, if any person shall so sue the city alone, and it appears in the progress of the trial that such other

person was also liable, the plaintiff shall be nonsuited. So the party plaintiff in such actions must at his peril see that he joins the person who might be sued for such injury. If Mrs. Duffer was not liable no other person was.

The authorities concur in saying that a married woman is liable to an action for her torts, not committed in the presence or under the supposed influence of her husband. 2 Bish. Mar. Wom., 256–7; Schouler Hus. and Wife, 134; *Dailey v. Houston*, 58 Mo. 361; *Marshall v. Oakes*, 51 Me. 308; *Wright v. Leonard*, 11 C. B. (N. S.) 259–266. Was, then, the neglect to keep this sidewalk in repair a tort? A tort is defined to be a civil or private wrong or injury. It consists of "injuries of omission or commission done to individuals." 1 Hill. on Torts, 1. Every illegal obstruction of the highway is a nuisance. *People v. Lambier*, 5 Denio 9. A nuisance is a tort. It is "the use of one's own property which involves injury to the property, or other right or interest of his neighborhood." 1 Hill. on Torts, 577. In short, it is an incident of the ownership of the property that the owner shall so use and control it that injury may not come thereby to another's property or person. In *Rowe v. Smith*, 45 N. Y. 238, the court, speaking of a *feme sole* owner, say: "If the defendant should permit a nuisance upon her premises, to the injury of her neighbor, would she not be liable in an action to her neighbor? The unlawful use by her of her separate estate, would make the action one relating to her separate estate." And in *Dygert v. Schenck*, 23 Wend. 447, the court say: "Any act of an individual done to a highway, though performed on his own soil, if it detract from the safety of travellers is a nuisance. Special damage arising from it, therefore, furnishes ground for a private action, without regard to the question of negligence in him who digs it."

It cannot avail the defendant, the owner of the property in fact, that she did not construct the coal hole. It was constructed on her property for her benefit. She

suffered it to remain and get out of repair. A person who continues a nuisance is as much responsible therefor as he who creates it in the first instance. In *Davenport v. Buckman*, 10 Bos. (N. Y ) 32, the court say: "In this case there was no pretense that the excavation was temporary, or made for any other purpose except as a separate, permanent entrance to the cellar. It was an opening, therefore, for damages arising from which those who made it *or adopted and continued* it, were responsible." Upon a person who thus employs a part of the highway, which belongs to the public for a passway, for a private use, the law imposes the highest degree of vigilance and care to keep the same in a safe condition for the public. Any neglect of this important duty certainly should fall as fully within the terms of a positive, active tort, as if the owner of the property had committed an assault and battery upon the plaintiff. The injury probably would have been less than in this case had Mrs. Duffer assaulted Mrs. Merrill.

V. It is suggested that such a judgment could not be enforced on general execution. In the present attitude of married women in this state, and specially towards their separate estates, I perceive no such difficulties and embarrassment as the ancient common law threw around them. It does seem to me, with great respect, that learned judges have exhibited too much timidity, or reverence for legal antiquities, in adhering to rules after the reason for their existence has given away before our advancing civilization and broadening jurisprudence. In an early case in this state (*Benjamin and Wife v. Bartlett*, 3 Mo. 63), Wash, J., whilst holding that, where the cause of action accrues against the wife *dum sola*, it is properly brought against the husband and wife, and the judgment, of course, would go against both, yet said: "As to the husband the judgment is good; its effect upon the property or rights of the wife is another thing, and need not be considered."

So the learned judge who delivered the opinion of

the court of appeals in this case says: "The plaintiff will be entitled to execution running against both husband and wife, but how it will be levied and satisfied we do not decide, for the question is not before us. Whether the plaintiff can in any subsequent proceeding in equity, charge the wife's abutting property with the payment of this judgment, we do not now decide or intimate an opinion." We do not perceive why there should be any hesitancy on this question. Judgments are either special or general. If a party recover a general judgment, by the express provision of the statute, he is entitled to have general execution against "the goods, chattels and real estate of the party against whom the judgment is rendered." The execution logically and of right follows the general judgment. In *Smith et al. v. Taylor and Wife*, 11 Ga. 22, the court say: "For torts committed by the wife, not in the presence of her husband, and not by his coercion, they are jointly liable, and must be joined in the action. If there is a recovery, the judgment passes against both. If the wife has a separate property, it may be taken in execution." This declaration meets our approval, and we think it pertinent and just to the profession and courts to say so.

Other questions are raised by counsel, but they are not of sufficient importance to require discussion, and would not effect our judgment.

It must follow that the judgment of the court of appeals should be affirmed. All concur, except Hough, C. J., absent.