## THE STATE v. NELSON, *Appellant.*

Criminal Practice: MURDER: STATUTE: INSTRUCTIONS. Revised Statutes, section 1654, provide "that any person found guilty of murder in the second degree, or of any degree of manslaughter, shall be punished according to the verdict of the jury, although the evidence in the case shows him to be guilty of a higher degree of homicide." *Held,* that while on a trial of an indictment for murder in the first degree, it is error to give an instruction on murder in the second degree, where there is no evidence to support it, still giving it is, under said statute, not reversible error.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Presly N. Jones* for appellant.

(1) There was no evidence to support an instruc-

tion in the second degree and it should not have been given: *State v. Stoeckli*, 8 Mo. App. 597 ; s. c., 71 Mo. 559 ; *State v. Murphy*, 68 Mo. 315 ; *State v. Andrews*, 76 Mo. 100. (2) Even if an instruction on murder in the second degree was proper, the law was improperly declared. *State v. Ellis*, 74 Mo. 207.

*B. G. Boone*, Attorney General, for the state.

The indictment is sufficient and there was no error in the trial. The defendant complains that the court committed error in giving an instruction for murder in the second degree. The giving of this instruction will not justify a reversal. Our statutes, section 1654, provides that "any person found guilty of murder in the second degree, or of any degree of manslaughter, shall be punished according to the verdict of the jury, although the evidence in the case shows him to be guilty of a higher degree of homicide." This section has been passed upon by this court and declared to be constitutional. *State v. Hopper*, 71 Mo. 425 ; *State v. Wagner*, 78 Mo. 644.

HENRY, C. J.—The defendant was indicted in the St. Louis criminal court for the murder in the first degree of one John Smith. On a trial of the cause he was convicted of murder in the second degree and his punishment assessed at imprisonment in the penitentiary for a term of twenty years. On his appeal to the court of appeals the judgment was affirmed and he has brought the cause to this court on appeal.

The only error relied on for a reversal of the judgment, is the giving of an instruction in relation to murder in the second degree, the defendant's counsel contending that the evidence tended to prove either a case of murder in the first degree, or innocence. The instruction should not have been given, because there was no evidence to support it; but it was distinctly

held, in the case of the *State v. Wagner*, 78 Mo. 644, that this error will not warrant a reversal of the judgment. The decision in that case was based upon section 1654, Revised Statutes, which was held, in the *State v. Hopper*, 71 Mo. 425, to be a constitutional enactment. We are still of the opinion, however, that that section does not require the trial court to give an instruction as to murder in the second degree, if there is no evidence in the cause tending to prove that grade of crime, and, in such case, it should not be given ; but, under the statute, it is not such an error to give it as will warrant a reversal of the judgment by this court. The judgment of the court of appeals is affirmed.