*George Zabriskie*, for the appellant.

*Burton N. Harrison*, for the respondent.

Per Curiam:

We do not think the Supreme Court at Special Term has any jurisdiction to correct or otherwise interfere with the minutes of the Circuit Court. The tribunals are so far distinct, that the Special Term has no supervisory power over the minutes of the Circuit Court.

On this ground, without considering any of the other points raised on the argument, we think the order appealed from should be reversed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., Daniels and Bartlett, JJ.

Order reversed, with ten dollars costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFRED L. BURGESS, Appellant.

*Administration of poison with intent to kill — what must be shown to justify a conviction under section 217 of the Penal Code.*

To sustain a conviction of assault in the first degree for administering poison to any person with intent to kill him, as that offense is defined in section 217 of the Penal Code, it must be shown that the life of the person was endangered by the administration of the poison.

Appeal from a judgment of the Court of General Sessions, of the city and county of New York, convicting the defendant of an assault in the first degree.

*A. Suydam*, for the appellant.

*Mackenzie Semple*, for the respondent.

Van Brunt, P. J.:

The defendant was indicted for having committed the crime of assault in the first degree. The indictment stated that the defendant, together with one Anna Mulholland, did willfully and feloniously

make an assault upon one Mary E. Burgess, and did then and there willfully and feloniously administer and cause to be administered to, and taken by her the said Mary E. Burgess, a certain poison, to the grand jury unknown, with intent to kill the said Mary E. Burgess, by means whereof the life of the said Mary E. Burgess was then and there endangered.

The defendant, upon the trial of this indictment, was convicted, and the question raised upon this appeal is whether the evidence was sufficient to justify such conviction, there being no sufficient evidence to show that by the administration of the poison the life of the said Mary E. Burgess was endangered.

The evidence seems to be entirely sufficient to justify the conclusion that the defendant not only administered, but also caused to be administered, the poison to his wife with intent to kill. His letter, together with the testimony of Mrs. Burgess shows conclusively the fact of such administration, and that the symptoms which arose, after the administration by the defendan and by his sister-in-law of the liquid testified to, were in no respect caused by the medicine which the doctor left to be given to Mrs. Burgess.

The question, however, upon this indictment is as already stated, whether there was evidence going to show that this administration endangered the life of Mrs. Burgess.

Under the Statute as it existed prior to the adoption of the Penal Code, this element of proof was not necessary, and it is difficult to see what end has been subserved by, instead of codifying the law upon this subject as it already existed, the insertion of the necessity of proof of an additional element which makes it almost impossible to convict of assault in the first degree for the administration of poison. It would seem that the administration of poison with the intent to kill should be entirely sufficient; as it was under the statutes, to justify such a conviction although it may have been administered in consequence of ignorance in such large or small doses, as not actually to have endangered human life.

Under the Penal Code, however, it is necessary that the proof should establish the fact that by the administration of the poison life was endangered. This it is almost impossible to prove. The poison is always administered secretly. The fact of the dangerous character of the dose can only be judged by its effects, and if death

does not ensue, the proof upon this point is necessarily exceedingly difficult to procure.

The intention that the administration should be dangerous is involved in the proof of the intent to kill, and because of unskillful administration so that death does not ensue, the character of the crime does not in any degree seem to be lessened. The offense is certainly as great as an assault by means of any deadly weapon with intent to kill.

Under the law as it stands, however, the evidence in the case at bar was entirely insufficient to show that by the administration of the poison in question the life of Mrs. Burgess was endangered, and consequently the conviction cannot stand.

The judgment should be reversed.

BRADY and DANIELS, JJ., concurred.

Judgment reversed.

---

IN THE MATTER OF THE PETITION OF THE METROPOLITAN TRANSIT COMPANY OF THE CITY OF NEW YORK TO ACQUIRE TITLE TO LANDS, ETC.

*Construction of a railway in the city of New York — 1872, chap. 833, as amended by chapter 636 of 1881 — petition to determine the compensation to be made to the city — power of the court to permit amendments to be made — to allow separate proceedings to be instituted to determine the compensation to be made for real estate to be taken. and the compensation to be made to the city for the use of its streets.*

In September, 1875, the petitioner, incorporated and authorized by chapter 833 of 1872, as amended by chapter 636 of 1881, to construct a railway in the city of New York, filed a petition alleging that it sought to acquire all those pieces or parcels of land situated in that city, owned by the mayor, aldermen and commonalty of the city of New York, which constituted the streets and portions of the avenues therein, which were included in the routes and branches of the company, as finally adopted and completed. Thereafter an order was made granting an application made in behalf of other companies and individuals to be made parties to the proceeding, upon the ground that they had interests which might be affected adversely by the construction of the petitioner's railway.

Subsequently and in April, 1887, the petitioner was allowed to amend the petition so as to make it allege that the sole object of the application was to ascertain, in