ANDREW L. OBERG, Respondent, v. ST. JOSEPH TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

Trial Practice: AMENDMENT BY INTERLINEATION: RECORD ENTRY: WAIVER. Where plaintiff has leave of court to amend his petition by interlineation and the record sets out the amendment, though in fact it is not entered in the petition and the trial proceeds without objection, the case will be treated as if the amendment had been actually interlined.

Appeal from the Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*James M. Wilson* for appellant.

If a party obtains leave to amend he may elect to make the amendment or not, as he pleases; and if he fails to amend, the issue made by the original pleading should be tried. Permission to amend does not *per se* amount to an amendment, but the amendment must be actually made either by altering the pleading or by filing a new one. Lohrfink v. Still, 10 Md. 530; Kimball v Gearhart, 12 Cal. 46; Briggs v. Bruce, 9 Colo. 282.

*Benj. Phillip* for respondent.

It has been settled beyond all question in this jurisdiction that where the record shows that the court, by an order, granted permission to amend a petition by interlineation and the formal amendment is not actually made, but the defendant proceeds to trial, without objection, the appellate court will treat the case as if the amendment had been made. Merrill v. St. Louis, 83 Mo. 244, 250; Underwood v. Bishop, 67 Mo. 374; Young v. Glascock, 79 Mo. 574; Stone v. Ins. Co., 78 Mo. 655; Fulkerson v. State, 14 Mo. 49. And this is the law in other jurisdictions. Lyon v. Brown, 6 Baxt. (Tenn.) 64; Mfg. Co. v. Boyle, 46 Kan. 202; Laidsborg v. Hagerman, 31 Kan. 599; Brantz v. Marcus, 73 Iowa, 64; Hellyer, v. Bowser, 76 Ind. 35; Eaton v. Case, 17 R. I. 429; Holland v. Crow, 12 Ired. (N. C.) 275; Ufford v. Lucas, 2 Hawks (N. C.) 214; 1 Ency. Plead. and Prac. 641; Krester v. Carey, 52 Wis. 374; Seitz v. Buffum, 14 Pa. St. 69; Eister v. Reinman, 11 Pa. St. 147; Ballou v. Hill, 23 Mich. 60; 1 Ency. Plead. & Prac. 641; Kuhn v. Gustafson, 73 Iowa, 633; Hawks v. Davenport, 5 Allen (Mass.), 390; Horne v. Meakin, 115 Mass. 326; Booth v. Hubbard, 8 Ohio St. 248; Palmer v. Lesue, 3 Ala. 741.

ELLISON, J.—This is an action on a fire insurance policy. Plaintiff recovered in the trial court.

Plaintiff's petition was defective. He asked and obtained leave of court to amend it by interlining that which would cure the defect. In fact, the interlineation was not made though the record sets out the amendment. The trial was however proceeded with without objection and evidence responsive to the amendment was heard without objection. Defendant's contention is that there was no amendment since it was not actually written in the petition. We are of the contrary opinion. Merrill v. City of St. Louis, 83 Mo. 244; Underwood v. Bishop, 67 Mo. 374.

The amendment was asked and leave granted. No ob-jection being made at the time to its not being actually inter-lined in the petition, it will be treated as done. And so the question has been decided in other states as shown by authori-ties cited in plaintiff's brief. Affirmed. All concur.