CHARLES A. CLARK ET AL., Respondents, v. FAMOUS SHOE
AND CLOTHING COMPANY, Appellant.

February 24, 1885.

1. NEGLIGENCE — CONTRIBUTORY. — A mother who falls into an open hatch-
way in the sidewalk while endeavoring to prevent her infant child, who
had stumbled, from falling into it, is not, as matter of law, guilty of con-
tributory negligence; although it appears that the hatchway was guarded,
so as to prevent a person exercising reasonable care, from falling into it.

2. —— INSTRUCTIONS. — In such a case, it is not error to refuse an instruction
for a non-suit offered on the ground that there was testimony that the
hatchway had been opened by a trespasser.

3. JURORS — MISCONDUCT OF — EVIDENCE. — Misconduct of a juror can not
be established by his own testimony, for the purpose of impeaching a
verdict, whether it is alleged to have occurred in or out of the jury room.

APPEAL from the St. Louis Circuit Court, BARCLAY, J.
*Affirmed.*

H. D. LAUGHLIN and A. BINSWANGER for the appellant:
The burden of showing negligence is on the plaintiff. —
*Curran* v. *Warner*, 36 N. Y. 153; Sher. & Redf. on Neg.,
sect. 12, p. 14; 2 Thompson on Neg. 1175. When the neg-
ligence of the plaintiff is disclosed by his own testimony he
can not recover. — *Henry* v. *Railroad Co.*, 76 Mo. 288;
*Nolan* v. *Shickle*, 69 Mo. 340, affirming 3 Mo. App. 300;
*O'Donnell* v. *Railroad Mo.*, 7 Mo. App. 190. This law
imposed no obligation on the defendant to station a watch-
man at the door to prevent its being opened. — *Harrison* v.
*Collins*, 86 Pa. St. 153. The misconduct of a juror in
this case was ground for a new trial. — *Bowen* v. *Washing-
ton*, 62 Mo. 302.

ROWE & MORRIS, for the respondent: It is well estab-
lished that a juror can not, by affidavit or otherwise
(personally), be heard to accuse himself of misconduct or
otherwise to impeach his verdict. — *The State* v. *Diekman*,
11 Mo. App. 545; *The State* v. *Branstetter*, 65 Mo. 149;
*The State* v. *Alexander*, 66 Mo. 148   The burden of show-

ing contributory negligence is on the defendant. — *Clifford* v. *Dam*, 81 N. Y. 52 ; *Irvine* v. *Wood*, 51 N. Y. 224 ; *Hanlon* v. *Keokuk*, 7 Iowa, 488 ; *Buschong* v. *Gas-Light Co.*, 73 Mo. 220. Though the plaintiff was guilty of some negligence, which remotely contributed to the injury, yet, if the defendant, by the exercise of ordinary care and prudence, could have prevented it, he is liable. — *Burnham* v. *St. Louis and Iron Mountain Railway Co.*, 56 Mo. 338 ; *Walsh* v. *M. T. Co.*, 52 Mo. 484 ; *Smith* v. *Union Railroad Co.*, 61 Mo. 588.

ROMBAUER, J., delivered the opinion of the court.

A careful examination of the record in this cause discloses no errors which would justify us in vacating the judgment rendered by the court below.

It is an action by husband and wife to recover damages for personal injuries received by the wife. There was testimony tending to show that the cause of the accident, resulting in the injury complained of, was defendant's negligence, in permitting a hatchway to remain open on one of the public sidewalks in the city, adjoining defendant's premises. The hatchway was properly constructed, and the plaintiff wife fell into it while endeavoring to protect one of her children, a girl four years old, who had slipped on the sidewalk, and had fallen in front of the open hatchway. The sidewalk was about thirteen feet wide, and half of its width was occupied by this opening. The testimony was undisputed that when both doors of the hatchway were open they rested at an obtuse angle, on fixed stands, obstructing the sidewalk for one-half of its width, so that it was next to impossible for any passer-by to fall into the hatchway, except from that part of the sidewalk immediately in front of it, between the opening and the curb of the street.

The jury found a verdict for the plaintiffs, and assessed their damages at $2,500. The injuries received were of

a serious character, and probably permanent in their effect. The verdict was reduced by the plaintiffs, on suggestion of the trial court, by remittitur to $1,700, and judgment was rendered in their favor for the latter amount.

The errors complained of by defendant in this court are: The refusal of the court below to non-suit the plaintiffs at the close of plaintiffs' case, and at the close of the entire testimony, upon instructions asked by the defendant in the nature of demurrers to the evidence, as well as giving other erroneous instructions to the jury, at its own motion, and refusing those asked by the defendant. The defendant also claims that the court should have set aside the verdict, on account of the misconduct of one of the jurors.

The defendant claims that its demurrer to the evidence at the close of the plaintiffs' case should have been sustained, because it appeared by the plaintiffs' testimony that she was guilty of contributory negligence.

Under the rule prevailing in this state it is not necessary for the plaintiff in actions of this character either to aver or prove that he was not guilty of negligence. *Thompson* v. *Railroad Co.*, 51 Mo. 192; *Loyd* v. *Railroad Co.*, 53 Mo. 512. But if the fact clearly appears by testimony offered on plaintiff's behalf that he was guilty of negligence, which directly contributed to the accident complained of, he can not recover, and the court should so instruct the jury. *Nolan* v. *Shickle*, 69 Mo. 340, and cases cited. The statement of this rule is very simple, but its application to particular facts is often very difficult. " There is no absolute rule as to negligence to cover all cases, that which is negligence in one case will become by change of circumstances ordinary care in another case, and gross negligence in a third," says Judge Wagner, in *Brown* v. *Railroad Co.* (50 Mo. 467). If plaintiff, walking along this sidewalk alone, had by inadvertence fallen in to this opening, it might, perhaps, have been conclusive proof of negligence on her part. Yet who can justly say, that because in her

anxiety for her little child, who was or whom she deemed to be in immediate danger, she went one step too far, or slipped, or disregarded those precautions which under other circumstances she might or ought to have taken, she was guilty of such negligence as to debar her of all redress.

In *Loyd* v. *Railroad Company* (*supra*), where the same point was made under similar circumstances, Judge Napton, in overruling the point, said : " Whilst it may be law that a passenger who jumps from a train when in motion, takes the risk of injury to life and limb, it does not follow that the plaintiff in this case could be expected, while standing on the steps of the car, and after her child, three years old, had been lifted out, to have the presence of mind to deliberate on the propriety of following the child, although the train immediately commenced to move, nor had she time to reflect on the danger of a straight forward movement at right angles with the train instead of inclining in the direction the train was moving."

It must be evident therefore that the court committed no error in refusing to instruct the jury at the close of the plaintiffs' case, that the plaintiffs could not recover. *Hoyt* v. *City of Hudson*, 41 Wis. 105. Thompson on Neg., p. 1178, sects. 24, 25. Nor was it error on part of the court to refuse a similar instruction, at the close of the entire testimony. That instruction was claimed by the defendant on the theory, that evidence produced by it established the fact that the hatchway was left open by a trespasser, and not by one of defendant's employees. Regardless of the question as to whether that fact if established would have been sufficient of itself to exonerate the defendant, on which question we desire to express no opinion, it is sufficient to say, that the court submitted the testimony on that point to the jury, and that the jury by their verdict have negatived the existence of the fact.

Nor can the defendant justly complain of the charge of the court to the jury. All elements of its defence were

placed fully and fairly before the triers of the fact by instructions given by the court of its own motion, some of them even more pointedly than we could have justified if the plaintiffs were the complainants in this court. The case of *Busching* v. *Gas-Light Company* (73 Mo. 219), cited by defendant furnishes, on that head, a complete refutation of the justice of the defendant's complaint.

We have also examined the defendant's complaint founded on the alleged misconduct of a juror. That misconduct consisted, as the record shows, of the juror going to the building where the accident occurred, after the trial began, inspecting it and making some measurements, for the purpose, as he says, of verifying the correctness of the plats offered in evidence, and of seeing whether the place was dangerous. The general rule undoubtedly is that the triers of the fact should derive their information from the evidence offered on the trial of the cause and the law as given to them by the court. They are sworn to do so and are guilty of misconduct if they violate their oaths in that regard. If the misconduct of the juror in this case would have been substantiated by anything beyond his own testimony, we would have felt at liberty to consider it, and determine whether it was such as to deprive the plaintiffs who were wholly innocent, of the benefit of their verdict. But the only evidence found in the record of the alleged misconduct of the juror, is his own testimony given in court upon the hearing of the motion for new trial. This testimony we are not at liberty to consider, nor should the trial court have considered it, because under the rule now prevailing in this state, the testimony of a juror tending to impeach his verdict, can not be received, and it seems to make no difference in that regard, whether the alleged misconduct took place in or out of the jury-room. *The State* v. *Alexander*, 66 Mo. 148. *The State* v. *Branstetter*, 65 Mo. 156; *The State* v. *Fox* 79 Mo. 112.

From the foregoing it is apparent, that the trial court committed no error in the trial of this cause, and that its judgment must be affirmed.   It is so ordered.   All the judges concur.