## MARY KIRKPATRICK, Respondent, v. GEORGE KNAPP & COMPANY, Appellant.

### St. Louis Court of Appeals, January 3, 1888.

DAMAGES—OPENING IN SIDEWALK.—One who, for his own convenience, keeps an opening, covered by a grating, in a public sidewalk, is bound to see that the grating is properly and safely constructed, and that it is afterwards kept in proper repair. If he negligently fails of either duty, he will be liable in damages to any person injured in consequence. But an instruction which declares his liability to be founded on the fact of insecure condition, without any element of negligence, is erroneous.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Reversed and remanded.*

KRUM & JONAS, for the appellant: The coal-hole being a lawful feature of the sidewalk, the ordinary rule in regard to negligence applies. The failure to keep the covering in place was not *per se* negligence on the part of appellant. At most, it could only be required to exercise proper care. *Fisher v. Thirkell*, 21 Mich. 1 ;

*Beardsley v. Swan*, 4 McL. 333; 1 Thompson on Negli-
gence, sec. 7, p. 345. *Non constat*, but that the cover to
the coal-hole had been misplaced by a trespasser, or per-
son other than the appellant—in which event notice to ap-
pellant ought to have been shown. *Daniel v. Potter*, 4
Carr. & P. 262; *Harrison v. Collins*, 86 Pa. St. 153.

Rowe & Morris, for the respondent: Any person
who renders the use of a sidewalk hazardous or less
secure than it was left by the public authorities commits
a nuisance. Cooley on Torts, 626. The plaintiff makes
a *prima-facie* case when she proves that she met with
an accident by reason of a defect in the sidewalk adjoin-
ing the premises of defendant. The plain duty of de-
fendant was to see that the cover over the coal-hole was
properly fastened and secured. It is self-evident that if
the cover was properly fastened, respondent would not
have been injured. Plaintiff had a right to presume
that the sidewalk was safe. She was lawfully on the
street and she should not have been exposed to the dan-
ger of stepping on a flap that would turn. The instruc-
tions given fully and fairly presented the law of the
case to the jury and their finding was in accordance with
the facts. Shearman & Redfield on Negligence, sec. 360;
*Buesching v. Gas Light Co.*, 73 Mo. 227; *Clarke v.
Famous*, 16 Mo. App. 463; *McGuire v. Spence*, 91 N. Y.
305.

Rombauer, J., delivered the opinion of the court.

The plaintiff recovered judgment for bodily injuries
sustained, on a certain day, by falling into a cellar-open-
ing or coal-hole which the defendant maintained for its
own accommodation in the sidewalk of a public street of
the city of St. Louis. Her petition charges that, on said
day, and for a long time prior thereto, the defendant
wrongfully, carelessly, and negligently suffered and per-
mitted the grating over said cellar-opening to become
broken loose and unguarded, so that said cellar-opening
was unsafe to persons passing along said sidewalk,

whereby on said day the plaintiff, while lawfully passing along said sidewalk and thoroughfare, fell into said cellar-opening, etc.

The answer is a general denial.

The defendant's ownership and occupancy of the building adjoining the sidewalk was admitted. The plaintiff's testimony tended to show that she resided in the vicinity, had passed over this sidewalk daily while in the city, and that she had frequently before stepped on this grating or covering of the cellar-hole, which was about two and one-half feet in diameter and constructed of iron; that, on the day named, she stepped upon it and the grating or cover turned and she was partly precipitated into the hole beneath, sustaining serious injuries.

There was no evidence that similar openings in sidewalks are prohibited by any municipal regulation; nor was there any evidence that the cover of the grating was faulty in its construction, or that it was out of repair, unless the accident itself was inferential evidence of those facts. Nor was there any evidence that the defendant had notice that the cover was partly misplaced, if such were the fact.

At the close of plaintiff's case the defendant requested the court to instruct the jury to find in its favor This instruction the court refused. The defendant thereupon gave evidence tending to show that the grating or cover was properly constructed, and was, at the time of the accident, in such repair that it could not be displaced or turned by any one stepping upon it, unless it had been previously removed by some one from its frame.

This being all the evidence bearing on the question of defendant's liability, the defendant requested the following instruction :

" Unless the jury believe, from the evidence, that the injury received by the plaintiff was caused by a faulty construction of the cover to the coal-hole, they will find for the defendant. The plaintiff is not entitled to recover if

the jury believe that she was hurt because the cover had been misplaced, and not because of the faulty construction of the cover."

This instruction the court refused, and upon plaintiff's request instructed the jury as follows :

"The court instructs the jury that if they believe, from the evidence, that Chestnut street, between Second and Third streets, in the city of St. Louis, Missouri, was, at the time hereinafter mentioned, a public highway in the city of St. Louis, Missouri, and that the defendant, on November 23, 1886, was in possession of the premises described by the witnesses as the Republican Building, and that there was a coal-hole in the sidewalk on the south side of Chestnut street, and in front of the said building, and that the grating or covering over said coal-hole was not safely or properly fastened and secured, or properly laid so as to be secure, and that the plaintiff, while walking westwardly on the sidewalk, on the south side of Chestnut street, and while exercising ordinary care on her part, stepped upon said grating or covering, without knowing it was improperly fastened, secured, or laid ; and that said grating or covering, by reason of the same not being properly fastened, secured, or placed, turned over, and plaintiff's leg went into said coal-hole, and she fell on the sidewalk and was injured, then your verdict should be in favor of plaintiff, and against defendant."

The ruling of the court upon instructions is assigned for error. We may pass the instruction requested by defendant at the close of plaintiff's case, as well as the instruction asked by defendant at the close of the entire case, with the remark that we see no error on part of the court in refusing either. There was evidence that the grating turned when the plaintiff stepped upon it, and, therefore, at least, inferential evidence tending to show that the grating was either improperly constructed in the first instance, or had become defective by want of repair. It will not be contended that any grating on a public sidewalk is proper in construction and

repair when it revolves when being trod upon, so as to precipitate the passers-by into the opening beneath.

The instruction asked by defendant at the close of the entire case was not broad enough. We conceive the true rule to be, that one constructing and using an opening in the sidewalk of a public street for his own convenience is not only to see to its proper construction in the first instance, but also to its proper repair from time to time, so that such safe construction is maintained. In neglecting the first part of the duty, the owner would be guilty of creating a nuisance, in neglecting the second part, guilty of permitting it. In either event he would be guilty of negligence such as in a proper case would subject him to damages for injuries occasioned.

But after all the foundation of the liability is negligence. The case of *Congreve v. Morgan* (18 N. Y. 79, 84), which treats such openings made without any authority from the municipal authorities as nuisances *per se*, and which makes the owner an insurer of their safe condition, has not met with the approval of other courts (see *Fisher v. Thirkell*, 21 Mich. 23, 24; *Harrison v. Collins*, 86 Pa. St. 153), and is somewhat qualified even in New York by the ruling in *Wolff v. Kilpatrick* (101 N. Y. 150). The better view is as stated by Judge Thompson, "that excavations properly and safely constructed under the public street, in cities, for the convenience of the owner of the premises are not inherently unlawful, and they are not liable to be treated as nuisances if kept in repair." Thompson on Neg., p. 345, sec. 7.

There is nothing to oppose these views in the decisions of our own courts. The nearest approach to the question is in *Clark v. Famous Shoe Co.* (16 Mo. App. 463), where the court declined to express an opinion, whether in a given case there could be a liability on part of the owner for the acts of a trespasser who removed the covering from a similar opening, whereby plaintiff was injured.

If the foundation of the liability in such cases is

negligence, as we must hold on reason and authority, then the instruction given at plaintiff's request was clearly erroneous, and under the facts of the case necessarily prejudicial. That instruction makes the defendant's liability depend on the fact "that the grating or covering over said coal-hole was not properly fastened and secured, or properly laid, so as to be secure," entirely regardless of defendant's negligence in the premises. It not only submitted to the jury a different issue than the one made by the pleadings, but made the defendant responsible even though the grating had been removed by a trespasser, and without any notice, express or implied, to defendant. As this inference was clearly admissible under the evidence, the giving of such an instruction was highly prejudicial and demands a reversal of the judgment.

Judgment reversed and cause remanded. All concur.