JEFFERSON HALL, Respondent, v. CHARLES HUBER, Appellant.

St. Louis Court of Appeals, March 12, 1895.

1. **Runaway of Team on Public Highway**: LIABILITY OF OWNER. If the runaway of a team on a public highway is due to the viciousness of the horses, and the owner was at the time aware of their vicious disposition, or if it is due to the negligence of the driver of the owner, a person on the highway who is injured in consequence, without fault or negligence on his part, is entitled to recover his damages from the owner.

2. ————: CONTRIBUTORY NEGLIGENCE. The evidence in this cause is considered, and is held not to conclusively establish contributory negligence on the part of the plaintiff, who remained on the street to guard his own team and its occupants at the time of the runaway.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Pepper & Steele* and *N. C. Gallemore* for appellant.

*Cloud & Davies* and *George & Landis* for respondent.

ROMBAUER, P. J.—The plaintiff, while standing at the head of his team close to the sidewalk of a public street in the town of Seneca, was struck down by a runaway team belonging to the defendant. According to the uncontradicted evidence the plaintiff was knocked senseless by the collision, had his arm broken

and dislocated, and suffered permanent injuries. He brought this action against the defendant, and charged in his petition that the runaway was due to the vicious disposition of the defendant's horses, which the defendant knew, or by reasonable diligence might have known, and, moreover, that it was due to the negligence of the defendant's driver who was incompetent to manage the horses. The defendant answered by way of general denial, and pleaded contributory negligence. The cause was tried before a jury, who rendered a verdict for plaintiff for $300. Judgment being entered accordingly, the defendant appeals, and he assigns as error the refusal of the court to take the case from the jury, and erroneous instructions.

The defendant's first assignment of error is based on the claim that there was no evidence tending to show that he knew of the vicious disposition of the horses, or tending to show any negligence on part of his driver. On these questions the plaintiff gave evidence tending to show the following facts. Only three days before this accident the same team had run away, had broken a fence and overturned the wagon, and the defendant thereupon discharged the driver he then had. On the date of the accident in suit, the team was in charge of a new driver, and, when it came to the broken fence, started to run. The driver checked them by tightening the reins, but immediately afterwards slackened them, whereupon the team started on a run, the driver was thrown from the wagon, and the team started down the street, according to the statement of an eyewitness, with lightning speed. Defendant's own witnesses testified that a team which has once run away, is apt to run away again. The second driver left the defendant's employ shortly after the accident "without pay." The defendant stated to

several persons that he could not get drivers competent to drive his team, and sold it shortly after the accident at a considerable sacrifice. The statement of these few facts will suffice to show that the court committed no error in refusing to take the case from the jury. *Siegrist v. Arnot*, 10 Mo. App. 197; *Rumsey v. Nelson*, 58 . Vt. 590; *Barnes v. Chapin*, 4 Allen, 444; 3 Lawson's Rights and Remedies, sec. 1168.

Nor could the court have nonsuited the plaintiff on the ground of contributory negligence appearing by his own testimony. It was shown that the plaintiff's team stood at the sidewalk, and that his wife, a little daughter and a lady visitor, sat inside of plaintiff's wagon. When the plaintiff saw the runaway team coming down the street, he stepped to the front of his horses to hold them, and to prevent them from taking fright and starting in their turn. All the evidence concedes that the runaway team was coming down the middle of the street, till nearly opposite where the plaintiff was standing, when, owing to parties running in front of it and waving their hats, the horses broke to one side and struck the plaintiff. Under such circumstances contributory negligence was, *at most*, a question for the jury. *Siegrist v. Arnot, supra; Clark v. Famous Shoe Company*, 16 Mo. App. 463.

On that subject the court, at defendant's instance, instructed the jury as follows:

"The court instructs the jury, although they may believe from the evidence that the defendant was guilty of negligence, yet if they further believe from the evidence that the plaintiff, by his own negligence, proximately contributed to the injury complained of, or if plaintiff might have avoided the injury by the exercise of ordinary care, such as prudent men generally would have used under similar circumstances, then plaintiff can not recover."

This instruction was as favorable to defendant as the facts in evidence warranted.

The appellant's criticism of plaintiff's instruction is unwarranted. That instruction told the jury, in substance, that if the accident was due to the viciousness of defendant's horses, which he knew, or to the negligence of the defendant's driver, and was brought about without any fault or negligence of plaintiff, he was entitled to recover. There was evidence tending to support every hypothesis stated in the instruction, and it declares correct propositions of law applicable to such hypothetical facts.

All the judges concurring, the judgment is affirmed.