BARNEY STEVENS, Respondent, v. RICHARD C. WALPOLE, Appellant.

Kansas City Court of Appeals, May 30, 1898.*

1. **Negligence**: MAINTAINING GRATING IN SIDEWALK: PLEADING.  In a petition for personal injury by reason of defective grating maintained by defendant in the sidewalk, it is not necessary to allege and prove that defendant constructed the grating in the first instance nor that he derived personal benefit or convenience therefrom, and the petition set out in the opinion is held sufficient.

2. **Evidence**: RES GESTAE: LAPSE OF TIME.  Declarations are now admitted in evidence as *res gestae* even when perceptible time has elapsed after the main transaction, provided they were made under the influence of the principal transaction and are so connected therewith as to characterize or explain such transaction; and the reply of a boy creeping up a stairway that he received his injury in the grating near the foot thereof is held admissible in this case.

3. **Negligence**: DEFECTIVE GRATING IN SIDEWALK: DUTY: SCIENTER.  The property owner's right to use a grating in the sidewalk to let in light and air to his basement is subject to the superior claims of the public and mere general instructions to mechanics given prior to the injury resulting from the defect to do necessary repairing, will not relieve from liability where the defects existed for a sufficient length of time for a prudent man to discover them.

4. ———: ———: INSTRUCTIONS.   Instructions summarized in the opinion as to the duties in maintaining a grate in a sidewalk and the proper damages for personal injury resulting from neglect so to do, are held correctly and fully to cover every substantial theory of the case.

5. ———: ———: CONTRIBUTORY NEGLIGENCE.   Mere knowledge of a defect in a sidewalk will not as a matter of law bar a recovery by the injured party, but such question should go to the jury to determine whether the defect was so patent and threatening that a prudent person would not take the chances of using the sidewalk.

*This case only reached the reporter November 26, 1898.

*Appeal from the Jackson Circuit Court.*—Hon. E. P. GATES, Special Judge.

AFFIRMED.

PEAK & BALL for appellant.

(1)   The motion in arrest should have been sustained, for the reason that the petition wholly fails to state a cause of action.   Beach v. Frankenburger, 4 W. Va. 712; Jansen v. Atchison, 16 Kan. 358; St. Louis v. Ins. Co., 107 Mo. 92;   Independence v. Slack, 134 Mo. 66, 76.   (2)   The admission of the druggist's bills in evidence, by the court, was error. (3)   The admission of the testimony of what the child said, after going upstairs, in answer to an inquiry as to what was the matter, was clearly error.   Railroad v. Becker, 128 Ill. 545;   Eastman v. Railroad, 165 Mass. 342;   Elguth v. Grueszka, 58 Ill. App. 193; Leahey v. Railroad, 97 Mo. 165;   Barker v. Railroad, 126 Mo. 143;   Farber v. Railroad, 139 Mo. 272; (4)   There was no evidence from which the jury should be permitted to infer negligence on the part of the defendant.   Wolf v. Kilpatrick, 101 N. Y. 146; Walker v. Lockport, 43 How. Pr. 366.   (5)   The two instructions given at the plaintiff's instance are both erroneous.   Connell v. Putnam, 58 N. H. 534; Smith v. Railroad, 108 Mo. 243, 251.   (6)   The only damages claimed or allowed were damages resulting from the disease of blood poisoning, and there was not only no evidence from which the jury could be justified in finding that this disease resulted from the injury, but plaintiff's own evidence affirmatively and absolutely showed that it did not so result.   On this ground, alone, the case should have been taken from the jury. (7)   On his own evidence, the plaintiff was guilty of

such negligence as to preclude his recovery, and this the court should have declared, as a matter of law. Glassey v. Railroad, 57 Pa. St. 172; Kible v. Phil, 105 Pa. St. 41; Corlett v. City, 27 Kan. 673; Durkin v. Troy, 61 Barb. 437; Railroad v. Taylor, 104 Pa. St. 314; Transportation Co. v. Oil Co., 63 Pa. St. 14; Erie v. McGill, 101 Pa. St. 616, 621; Township v. Anderson, 8 Atl. Rep. 379, 381; Coons v. Railroad, 55 Mo. 584, 596; Wiggin v. St. Louis, 135 Mo. 558, 565; Cohn v. Kansas City, 108 Mo. 387; Travis v. Carrollton, 7 N. Y. S. 231; Beach on Contributory Negligence, secs, 36, 37, 39; Grandorff v. Railroad, 71 N. W. Rep. (Mich.) 844; Whalen v. Gas Light Co., 151 N. Y. 70; Senn v. Railroad, 124 Mo. 621; Casey v. Smith, 152 Mass. 294; Gerdes v. Iron and Foundry Co., 124 Mo. 347; Wiese v. Remme, 140 Mo. 289, 299.

FRANK G. JOHNSON for respondent.

(1) It was unnecessary to allege or prove that defendant originally made or constructed the iron grating in the sidewalk. Merrill v. St. Louis, 83 Mo. 244; 26 Mo. App. 75; McGrath v. Walker, 71 Hun. 179; Gray v. Gas Light Co., 114 Mass. 152; Ellis v. McNaughton, 75 Mich. 237; Bowie v. Kansas City, 51 Mo. 454; Grove v. Kansas, 75 Mo. 672. (2) It was not error for the court to permit the plaintiff to testify what was the amount of the bills of the druggist as rendered to him. Parsons v. Railway, 94 Mo. 296. (3) The court properly admitted the testimony of Lizzie Crow as to what the boy said as he was going up the stairs. Ins. Co. v. Mosely, 8 Wall. 397; Commonwealth v. McPike, 3 Cush. 181; Railway v. Coyle, 55 Pa. St. 396; Elkins v. McKean, 79 Pa. St. 493; Monday v. State, 32 Ga. 672; People v. Vernon, 35

Cal. 49; Little v. Commonwealth, 25 Va. 921; Harriman v. Stowe, 57 Mo. 93; Martin v. Block, 24 Mo. App. 60; Railway v. Mead, 68 Mo. App. 104. (4) The evidence proved conclusively that there had existed a broken place in his grate for years; there is no claim that it was ever repaired, until after the injury complained of; it therefore must have existed continuously; and defendant could not by pleading ignorance avoid responsibility for it; if he did not know, he ought to have known about it; and the evidence of Lohse and Kelley was that he did know of it.

GILL, J.—In this case the father sues for expenses incurred in nursing, etc., in caring for his minor son who fell into a defective iron grating maintained by defendant in the sidewalk in front of certain premises owned by defendant, and known as Number 1304 Grand Avenue, Kansas City. After stating defendant's ownership (which covered a period of about twenty-five years), the petition proceeds as follows:

"Plaintiff states that on the 8th day of December, 1895, and for a long time prior thereto, said defendant had maintained an iron grating in the sidewalk on said highway in front of and adjoining said premises; that one of the bars of said iron grating was on the said 8th day of December, and had been for a long time prior to that day, broken out so as to leave a space of four inches between the remaining bars of said grating opening into an excavation under said sidewalk. That the said Grand Avenue and the sidewalk pertaining thereto is a populous thoroughfare over which a large number of people are, and were at all said times, constantly passing. That said Richard C. Walpole was aware of and well knew the dangerous condition of said sidewalk and grating in front of his said premises. The plaintiff, Barney Stevens, at all the times herein men-

Stevens v. Walpole.

tioned was residing with his family at number 1302 on said Grand avenue. That Judah Stevens, who is hereinafter mentioned, is an infant son of said plaintiff, of the age of nine years, residing with his father, the said plaintiff. That it was the duty of said defendant, Richard C. Walpole, to maintain said sidewalk and the iron grating aforesaid so as to be safe for the public, men, women and children passing along and using the same. But plaintiff says that defendant so carelessly and negligently maintained the said sidewalk and iron grating therein, in its broken and unsafe condition, without any barriers to prevent persons passing from falling through the broken place in said iron grating; and that the said Judah Stevens, the infant son of said plaintiff, on the 8th day of December, 1895, while lawfully and properly passing along said sidewalk, and ignorant of the danger thereof, fell into the said space between the bars of said iron grating, and was thereby injured, bruised, wounded and maimed in his left leg, from which said injuries so received as aforesaid, he, the said Judah Stevens, from that time to this has lain sick and diseased. That by reason of said wounds, bruises, sickness, disease and injuries to the said Judah Stevens, so caused as aforesaid, the plaintiff has had to spend his time and services in caring for said Judah Stevens, and has laid out and expended large sums of money for medicine, for nursing, and for medical and surgical services, for said Judah Stevens," etc.

The answer was a general denial coupled with a plea of contributory negligence both on part of the infant and the father.

In a trial by jury, plaintiff had a verdict for $750, and from a judgment in accordance therewith defendant has appealed.

I.    The first point, or assignment of error, relates to the sufficiency of the petition, and is manifestly without merit.    The matters of objection are not so clearly set out as is usual with defendant's able counsel, but the gist thereof, I take it, is found in the words of the brief, that "a petition which, like this one, merely asserts that the owner maintained the sidewalk and grating over an excavation, without stating the further fact that *he had made, or caused to be made, the excavation* and placed the grating over it, and the same was used for his private benefit, omits to state the essential facts, and the only facts which could render the owner liable for the existence of a defect." In order to charge defendant with these damages plaintiff was not bound to allege and prove that said defendant constructed or had the grating constructed in the first instance. Nor indeed was it necessary to allege and prove that such grating was an unlawful obstruction at the time it was constructed. The substance of the complaint here is, that the grating, though lawfully made in the first instance, had gotten out of repair, had become a nuisance, and that defendant permitted it to remain in a dangerous condition. In other words the defendant was not charged with *creating* a nuisance but in permitting or *maintaining* one. And he who *maintains* a nuisance is responsible for damages resulting therefrom to the same extent as though he had created it. Kirkpatrick v. Knapp, 28 Mo. App. 427; Merrill v. St. Louis, 83 Mo. 244; Benjamin v. Railway, 133 Mo. 274; Gordon v. Peltzer, 56 Mo. App. 599.

In Merrill v. St. Louis, *supra*, it is said: "Any act of an individual done to a highway, though performed on his own soil, if it detract from the safety of travelers, is a nuisance. Special damage arising from

<div style="margin-left:2em; font-size:small;">
NEGLIGENCE: maintaining grating in sidewalk: pleading.
</div>

it, therefore, furnishes ground for a private action, without regard to the question of negligence in him who digs it. * * * Upon a person who thus employs a part of the highway, which belongs to the public for a passway, for a private use, the law imposes the highest degree of vigilance and care to keep the same in a safe condition for the public."

In Kirkpatrick v. Knapp, *supra*, the correct doctrine is thus expressed by Judge ROMBAUER: "We conceive the true rule to be, that one constructing and using an opening in the sidewalk of a public street for his own convenience is not only to see to its proper construction in the first instance, but also to its proper repair from time to time, so that such safe construction is maintained. In neglecting the first part of the duty, the owner would be guilty of creating a nuisance, in neglecting the second part, guilty of permitting it. In either event he would be guilty of negligence, such as in a proper case would subject him to damages for injuries occasioned."

Neither is it necessary to allege, as defendant's counsel seem to suggest, that this grating was kept and maintained in the sidewalk as a *benefit* or convenience to the defendant. It is enough that he maintained the grating in the highway whether it conferred any benefit on the defendant's property or not. As said by plaintiff's counsel, it would be a monstrous doctrine to hold that the defendant might maintain a nuisance in the highway, and yet unless its maintenance conferred a benefit on defendant or his abutting property he could not be held for damages resulting to those rightfully using the highway.

Negligence is sufficiently alleged. If defendant desired this feature of the petition to be made more definite and certain he should have filed a timely

motion to that effect.    It is now too late after trial
and verdict.

II.    It is further contended that the court erred in
admitting certain testimony as to the statements made
by the injured boy while going from the
sidewalk up the stairway leading to his
home, when and where he stated that he
was hurt by falling through the broken
iron grate next door.    This is claimed to be mere
hearsay and not admissible as part of the *res gestae.*

EVIDENCE: res
gestae: lapse of
time.

As to the competency of the admissions or dec-
larations of parties to a transaction, made at or near
the time of the occurrence, much has been said and
written.    It would serve no useful purpose to review
at length the different cases or to comment on the
language of the text writers.    The general rule or
principle is fairly well settled; the difficulty is in its
application to the varied circumstances of different
cases.    The ancient rule required that the declarations
to be admissible should be strictly contemporaneous
with the main event.    But this has been considerably
modified.    Such declarations are now admitted even
when perceptible time has elapsed since the main
transaction, *provided* they were made under the imme-
diate influence of the principal transaction, and are so
connected with it as to characterize or explain it.    As
said by Judge Black in Leahey v. Fair Grounds Co.,
97 Mo. 165, "the declaration, to be a part of the *res
gestae*, need not be coincident, in point of time, with
the main fact to be proved.    It is enough that the two
are so clearly connected that the declaration can, in the
ordinary course of affairs, be said to be the spontaneous
exclamation of the real cause.    The declaration is then
a verbal act and may well be said to be a part of the
main fact or transaction.    If the subsequent declara-
tion and the main fact at issue, taken together, form a

continuous transaction, then the declaration is admissible."

The rule is thus expressed in 21 Am. and Eng. Ency. L., p. 101: "If they (the declarations) amount to no more than a mere narrative of a past occurrence or of an isolated conversation held, or an isolated act done at a later period, they are not admissible; but if declarations of a past occurrence are made under such circumstances as will raise the reasonable presumption that they are the spontaneous utterances of thoughts created by, or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design, they will be admissible as part of the *res gestae*."

Under these rules it seems clear to us that the trial judge committed no error in permitting the witness, Lizzie Crow, to testify as to the declarations made by the boy as he came up the stairs leading from the sidewalk. According to the evidence the child had just taken his foot and leg out of the defective grating located near the bottom of the steps, and crying with pain was going up the stairway next door, as a child would, to submit the injuries to his mother. He was met on the steps, half way up, by Lizzie Crow, and the question was asked, "Joe, what is the matter with you?" The answer promptly came, "I fell in next door where the iron is broken out."

We think this exclamation, uttered, it seems, within a few seconds of the accident and only a few feet from the location of the broken grating, must be treated as part of the main occurrence. The declaration came spontaneously from the boy then smarting with pain resulting from the wound in the leg. There was no chance for the concoction of a false story, and the cry was uttered so near, in point of time, to the accident as to preclude the idea of deliberate design.

III.   There was abundant evidence to establish defendant's negligence in maintaining a defective grating.   Several witnesses testified that one of the iron bars had been out for several years prior to the accident; and according to the testimony of some of the witnesses, defendant had been warned thereof and advised to repair the defect.   At all events the defect had existed for such a length of time that defendant might well be charged with constructive notice.   Defendant's failure to repair after actual or constructive notice, was negligence.   In thus using the sidewalk for his private purpose the law not only imposed the duty of proper and careful construction in the first instance, but, as already stated, required defendant to inspect the same from time to time and maintain the grating in a reasonably safe condition.   The rights of the traveling public over the sidewalk were paramount to the private uses of the defendant.   His right to place the grating there, so as to let in the light and air to his basement, was subject to the superior claims of the public.   The mere fact that some eighteen months before this injury defendant sent mechanics to the building with general instructions to do all necessary repairing will not excuse the defendant from the consequences of this defective grating.   The decision in Independence v. Slack, 134 Mo. 66, has clearly no application to the facts of this case.   The negligence here complained of is more analogous to that of Matthews v. Railway, 26 Mo. App. 75, and cases cited at pages 79, 80 and 81 of the opinion, as also cases cited under our first paragraph, *supra*.

*Negligence: defective grating in sidewalk: duty: scienter.*

IV.   We have carefully examined the instructions given and discover no substantial error.   They fully and fairly present every feature of the case, whether for plaintiff or defendant.   In plaintiff's behalf but

Stevens v. Walpole.

—: —: instructions. one instruction was asked or given relating to the main issues; and while it is somewhat lengthy it yet clearly advised the jury as to the law of the case. They were, in effect, told that defendant was in duty bound under the law to keep and maintain the iron grating in the sidewalk in front of his property in a reasonably safe condition; and failure to do so, after he knew of its defective and dangerous condition, or by the exercise of ordinary care might have known thereof, was negligence on his part; and if they found from the evidence that defendant failed to keep said grating in a reasonably safe condition, and failed to repair same after he had knowledge, or by the exercise of ordinary diligence might have known of its broken and unsafe condition, and that plaintiff's infant son, while passing along the sidewalk and exercising that degree of care expected of one of his age, fell into said grating and was thereby injured, then defendant would be liable therefor. The instruction continues:

"So that, if you shall further find and believe from the evidence that said Judah Stevens was of the age of eight years, and was living with and under the charge and control of plaintiff, and that he, the said Judah Stevens, on the 8th day of December, 1895, while passing with ordinary care and diligence for one of his years along and over said sidewalk and iron grating in front of defendant's said premises did fall into a space in said iron grating made by a bar of said grating being broken out, if you shall find and believe from the evidence that a bar of said grating was broken out, and that in so falling through said grating his left leg was thereby injured and bruised, from which said injuries and bruises so received as aforesaid, he, the said Judah Stevens, has lain sick and diseased and by reason of said bruises, injuries, sickness and disease so caused as

aforesaid the plaintiff has had to expend his time and services and sums of money, for medicines, for nursing, for medical and surgical services, or has become liable to pay for the same for the said Judah Stevens, then your verdict should be for the plaintiff, *unless* you shall believe from all the circumstances detailed in evidence that the plaintiff himself was negligent in the premises, and that such negligence, if any, was the proximate cause of the injury complained of, and without which such injuries would not have been received.''

As to the measure of damages the court instructed as follows:

''If you find for the plaintiff, you will, in assessing his damages, allow him such reasonable compensation for his personal services as shown by the evidence, if any, in caring for and nursing his infant son Judah Stevens and for such reasonable sums of money as shown by the evidence he has necessarily laid out and expended or become liable therefor, for medicine, for nursing and for medical and surgical services for the said Judah Stevens on account and by reason of the injuries in question.''

The court then, at defendant's request, told the jury in terms not to be mistaken, that even if one of the bars of the grating was broken out, yet if it was still in a reasonably safe condition for ordinary use and travel, then the defendant was not liable; and that what was meant by reasonably safe should be determined by the judgment of an ordinarily prudent and cautious person under like circumstances; that if the boy knew of the break in the grating before he was injured, but carelessly and negligently passed over the same, without such care as an ordinarily prudent person of his age would be expected to exercise, and that because of this negligence the accident happened, then plaintiff was not entitled to recover. And moreover the

court instructed that plaintiff could not recover if he failed to observe the care of an ordinarily prudent person. The jury was explicitly advised that if a prudent man under the circumstances, after discovering the dangerous condition of the grating, would have notified the city authorities or the defendant that the grating was broken and called on them to repair the same, then such care should have been expected of the plaintiff, which if he failed to exercise, and the injuries to his boy followed, then the plaintiff could not recover. And further the jury was told that if the boy was in a healthy condition at the time of the injury and that the blood poisoning was caused by careless treatment, then defendant was not liable "for the expenses of surgical or other treatment rendered necessary by such disease."

These several instructions correctly and fully covered every substantial theory of the case. While it is true there was no testimony as to the value of plaintiff's services in nursing and caring for his infant son, yet the facts were fully before the jury and they were qualified to fix such value in the light of their own knowledge and experience. Murray v. Railway, 101 Mo. 236. So as to the cost of medicines used in the boy's treatment, there was no error in allowing plaintiff to exhibit the druggist's bills therefor; nor was it error to direct the jury to allow the value of such medicines. There was, too, abundant evidence to prove that the blood poisoning which followed was the direct and proximate result of the injury.

V. Lastly it is contended that the plaintiff was himself guilty of such negligence as to preclude his recovery, and that the court should have so declared as matter of law. This contention is based on the fact appearing in the evidence that the grating in question had, with plaintiff's knowledge, been in a broken and

defective condition for several years, and that he ought to have protected his children therefrom; that if he permitted the boy to pass over the same daily he assumed the risk.

The rule is not so general that mere knowledge of a defect will, as matter of law, bar a recovery by the party injured. It is always a circumstance or item of evidence tending to prove contributory negligence, but not conclusive. The question ordinarily in such cases is whether the danger is so patent and threatening as that one of ordinary care and prudence would not have taken the chances of traveling over that particular portion of the street or sidewalk, and the determination of this question is ordinarily for the jury. Loewer v. Sedalia, 77 Mo. 431, loc. cit. 444, and cases cited; Taylor v. Springfield, 61 Mo. App. 263; Huhn v. Railroad, 92 Mo. 440; Soeder v. Railway, 100 Mo. 673; Gerdes v. Iron & Foundry Co., 124 Mo. 347, loc. cit. 355. In Beach on Contributory Negligence, it is said: "When the highway is out of order it is held, as a general rule, not negligent to use it in as prudent a way as practicable, which is to say that using a defective highway is not negligence as matter of law. It would be an extraordinary rule that made it negligence not to stay indoors whenever the highway is out of repair."

In Huhn v. Railroad, *supra*, the brakeman knew of the defect in the track, and yet the court held that such knowledge did not bar a recovery unless "it was so dangerous as to threaten immediate injury, or if he might have reasonably supposed that he could .safely work about it by the use of care and caution." "Negligence," says Judge BLACK, "on the part of the servant, in such cases, does not necessarily arise from his knowledge of the defect, but it is a question of fact to be

determined from such knowledge and the other circumstances in evidence.''

It is only in cases where the defense of contributory negligence is clearly and indisputably established that the court is authorized to peremptorily instruct for the defendant. It is not proper where reasonable men may differ as to its existence. While now it may be conceded that plaintiff for a long time had knowledge of this broken grate, yet we are not prepared to say that the danger of passing along the sidewalk was so obvious, threatening and immediate that plaintiff should have kept his children indoors or have abandoned the place as a residence. He might well have thought though the walk was somewhat unsafe yet that he nor his family would be injured in its use. Whether in so thinking and acting he did as an ordinarily prudent person would under the same circumstances was properly left to the determination of the jury under proper instructions. The court committed no error in refusing to take the case from the jury.

Failing to discover any substantial error at the trial, the judgment must be affirmed. All concur.