JOSEPH K. HARRIMAN, by Next Friend, Respondent, v. KANSAS CITY STAR COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1899.

1. **Master and Servant:** DANGEROUS MACHINE: CONTRIBUTORY NEGLIGENCE: JURY QUESTION: INSTRUCTION. Mere knowledge of a defect in a machine by which the servant is hurt will not bar a recovery though it is a circumstance tending to prove negligence but is not conclusive unless clearly the danger is so patent and threatening that a prudent man would not have taken the chances; and this case was properly sent to the jury on the evidence, and an instruction submitting it approved.

2. ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTION COVERING FACTS. In determining the question of contributory negligence all facts and circumstances in evidence bearing upon that issue are to be considered and passed upon in their entirety and relation to each other and this is the peculiar province of the jury, and an instruction submitting such issue to the jury should so direct; and an instruction set out in the opinion is defective in failing so to do, nor is such defect cured by other instructions.

3. **Trial Practice:** SUGGESTIONS AS TO NEW TRIAL. Certain suggestions as to evidence and pleading on a new trial are submitted.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

REVERSED AND REMANDED.

WARNER, DEAN & McLEOD and YEAGER & STROTHER for appellant.

(1) The court erred in overruling defendant's objection to the introduction of any evidence under the petition, on the ground that it does not state facts sufficient to constitute a cause of action. Glover v. Meinrath, 133 Mo. 292, 303. (2) The evidence of the conversation between George A. Harriman and the foreman, as detailed in the record, was hearsay, and wholly inadmissible, and the court erred in admitting it. (3) The court erred in overruling defendant's demurrer to the evidence asked at the close of plaintiff's evidence, and in not instructing the jury at the close of all the evidence to find for defendant. (a) The evidence fails to show that the absence of the tapes was the proximate cause of plaintiff's injury, and does show that it was not. Plefka v. Knapp, Stout & Co., 145 Mo. 316; Barkley v. Railway, 96 Mo. 367; Brick Co. v. Railway, 17 Mo. App. 624; Breen v. Cooperage Co., 50 Mo. App. 202. (b) The evidence shows that plaintiff's own negligence directly contributed to produce his injury, and for that reason he was not entitled to recover. Gleeson v. Mfg. Co., 94 Mo. 201. (c) The admissions of plaintiff show that he knew that the tapes were gone, and that they had been gone for six weeks before the injury; that he had worked with the press in that condition all that time and was thoroughly acquainted with its operation, and for six weeks had done, at least once a day, what he undertook to do when he was injured. Nugent v. Milling Co., 131 Mo. 241; Holloran v. Iron & Foundry Co., 133 Mo. 470; Dutzi v.

Geisel, 23 Mo. App. 676, 680, 681; Marshall v. Kansas City, etc., 69 Mo. App. 256; McCarty v. Hotel Co., 144 Mo. 397; Connelly v. Eldridge, 160 Mass. 566; 36 N. E. Rep. 469; Stuart v. Railway, 163 Mass. 391; 40 N. E. Rep. 180. (4) The court erred in giving instruction number 1 of its own motion. Schlereth v. Railway, 96 Mo. 509; Jacquin v. Cable Co., 57 Mo. App. 320.

LYMAN & BROWN for respondent.

(1) "Where the facts are either disputed, or different inferences may be fairly drawn from the undisputed facts, the question of negligence should be submitted to the jury. Huhn v. Railway, 92 Mo. 450; Hamilton v. Mining Co., 108 Mo. 364. (2) The question of whether or not plaintiff used due care and caution, or was guilty of contributory negligence, was for the jury to pass upon. Hamilton v. Mining Co., 108 Mo. 364, 374; Bender v. Railway, 137 Mo. 240; Doyle v. Trust Co., 140 Mo. 1. (3) Whether or not the press was unsafe without the lower, or guiding tapes, was, under the evidence, a question for the jury. O'Mellia v. Railway, 115 Mo. 205, 221. (4) If the defendant ordered plaintiff to lead the paper into the rollers with his hands, and the act was dangerous, and plaintiff was injured in the act, he was not guilty of contributory negligence, unless the danger was so glaring that a reasonably prudent person would not have attempted it. Shortel v. St. Joseph, 104 Mo. 114, 120; Huhn v. Railway, 92 Mo. 440, 447; Chilton v. St. Joseph, 143 Mo. 192. (5) It was the duty of defendant to have used all reasonable care and caution in maintaining all appliances or means about the press which contributed to its safety. Hamilton v. Mining Co., 108 Mo. 364.

GILL, J.—In August, 1895, while employed as a helper in defendant's printing establishment at Kansas City, plaintiff had his left hand caught and mashed between two rollers

Harriman v. Kansas City Star Co.

STATEMENT. of a large printing press. About a year thereafter this action for damages was commenced, resulting at the trial in a verdict and judgment for plaintiff in the sum of $600, and defendant appealed.

It would require much time and space to describe in detail the machine and the manner of its use. It will be sufficient to say that the press was one of the Hoe pattern, was about twelve feet long, six or seven feet wide, about eight feet high, and was supported by a frame of heavy metal work, wherein was set and operated certain cylinders and rollers. The roll of paper on which the Star was printed was located at the north end of the press. From this point the paper in a continuous sheet passed through the press from north to south where it came out in the shape of printed and folded papers. In going through the machine this continuous sheet passed through one group of six feet cylinders or rollers, running horizontally, and thence upward and southward, at an angle of about forty-five degrees and to a distance of two or three feet to three rollers at the top of the press. These rollers were four inches in diameter, six feet long, operated horizontally as the others, and two of them at least revolved in opposite directions and only about five-eighths of an inch apart. Through this space the extended and continuous sheet of paper passed on its way to the south end. In order to carry the paper through the press the machine, as originally constructed, was provided with tapes working in grooves cut in the rollers. There were two sets, one working above and the other below the paper. These tapes however, it was claimed, smutted the paper, and they were taken off and fish-line cords were used instead. These in turn were discontinued some six weeks before the accident for the alleged reason that they wore out and broke easily.

During the operation of the press, the paper, thus running through the machine and between the rollers, would occasionally break or become crumpled and so clog the press

that it would become necessary to tear away the disordered portion and start the paper anew. This work was done by the plaintiff and other helpers. At the date named a break in the paper occurred on the east side of the press where the plaintiff was at work, and he undertook, as was his duty, to detach the broken part and start it again through the upper set of rollers. It seems that on the east side of the press but a little south of the upper rollers there were iron steps leading to the top of the machine. But the plaintiff did not use these. He got upon the press by climbing the frame work, and there, straddle of the upper rail, attempted to straighten the paper and push or lead it through the rollers. In so doing the fingers of his left hand were caught between two of the rollers and before the machine could be stopped his hand was badly mangled.

Plaintiff based his complaint on the alleged negligence of defendant in leaving off the tapes intended and formerly used to carry the paper through the rollers, charging that by reason thereof the machine was unsafe. In addition to a general denial, the defense was contributory negligence, or that the nature and condition of the machine was well-known to the plaintiff, and the danger of using the same was so obvious that plaintiff by continuing in defendant's employ assumed the risk attending its operation.

The testimony covers more than two hundred pages of the printed abstract. Of this it is sufficient to say, that on the part of the plaintiff it tended to prove that the tapes which the manufacturer put into the machine served to support and carry the paper through the rollers, thereby protecting the plaintiff and those working about the press; that during its operation with the tapes on, there was less breaking and crumpling of paper and besides it facilitated the adjustment of the paper through the rollers, added to the safety of the operators, and that if these tapes had been in place plaintiff would not likely have been injured. On the other hand the

Harriman v. Kansas City Star Co.

evidence showed that plaintiff knew that the tapes had been taken off, that with this knowledge he had continued to work about the machine for about six weeks while it was in that condition and that the defect was obvious, and moreover that plaintiff to relieve the "clog" went upon the machine at an improper place instead of going up by the iron steps intended for that purpose. In addition to this, there was also evidence tending to prove that plaintiff carelessly and negligently manipulated the paper when trying to insert it between the rollers which caught his hand, that he did not perform that duty, even after he got on top of the machine, with that care and caution that a prudent man would under like circumstances.

I. Prominently among the points raised, is the contention by defendant's counsel that a demurrer to the evidence should have been sustained. The basis of this contention is that plaintiff well knew the condition of the press, knew that the supporting tapes had been taken off six weeks before the accident and that by continuing in the defendant's employ, he, the plaintiff, assumed the risk incident to the employment.

After a careful reading and consideration of the entire evidence we have concluded that this point must be ruled against defendant. While in our opinion the question is a close one, we yet think this is one of those cases where, though the defect in the machine was obvious and known to the injured party, the plaintiff ought not, as a matter of law, to be barred of his action. We are not able to say that the defect in the machine was of such a glaringly dangerous character as that an ordinarily prudent man would refuse to work with it, that it was so dangerous as to threaten immediate injury from its use, or that plaintiff had no reason to suppose that he could use it with care and caution. We approve then the court's second instruction wherein the jury was told, "that if you believe from the evidence that some of the tapes were absent from the press and

*MASTER* and servant: dangerous machine: contributory negligence: jury question: instruction.

VOL. 81 app—9

that the absence of tapes from the press made the operation of it more dangerous than it would have been if the tapes had been on the press, and that the plaintiff knew of such danger; still if you also believe from the evidence that said press at the time plaintiff was injured was not so dangerous as to threaten immediate injury from its use and that it was reasonable to suppose that it might be used with great skill or care, mere knowledge by plaintiff of such defect in such press will not of itself defeat his recovery."

As said by us in a late case, Stephens v. Walpole, 76 Mo. App. 213, the rule is not so general that mere knowledge of a defect will, as matter of law, bar a recovery by the party injured. It is always a circumstance or item of evidence tending to prove negligence, but not conclusive, unless clearly the danger was so patent and threatening that a prudent man would not have taken the chances. We here cite a few of the leading cases. Huhn v. Railway, 92 Mo. 440; O'Mellia v. Railway, 115 Mo. 205, 218, and cases there cited; Holloran v. Foundry Co., 133 Mo. 470, 476.

2.    The next objection to this judgment is more serious. As intimated in the foregoing statement of facts, there was evidence tending to prove plaintiff to have been negligent in at least two particulars, first in relation to the act of getting on top of the machine where he did instead of using the steps provided for that purpose, and secondly as to the manner of conducting himself and pushing or leading the paper through the rollers after he got on top of the press. The testimony in both respects was brought out at the trial with much detail. There was evidence in behalf of plaintiff tending to prove that there was nothing improper in his climbing upon the press and placing himself straddle of the top rail north of the three rollers, and on the other hand evidence for defendant tending to prove this to have been imprudent and that he ought to have placed himself on the iron steps further south

———: contributory negligence: instruction covering facts.

and almost alongside of the three rollers.   There was also
testimony tending to prove that when the plaintiff got on top
of the machine (whether that move was proper or improper)
he did not handle himself with that care and circum-
spection that he should, that he carelessly pushed the sheet
into the rollers, allowing his fingers to be caught, and did not
exercise the care that a prudent man should and would when
working in such a place and with a machine so dangerous.

Plaintiff's first and principal instruction, and which the
court gave with some modification, reads substantially as fol-
lows:

"If the jury believe and find from the evidence in this
case that on the 30th day of August, 1895, the plaintiff was in
the service of the defendant as an oiler and helper on press
number three, in defendant's press room; and that plaintiff
did, within the scope of his duty, and in performance of such
duty, on the 30th day of August, 1895, go upon the frame
work of press number three to remove a clog of the paper
which had crumpled up in front of the three rollers at the top
of said press, and to guide the paper through said rollers, and
that while so engaged in leading or pushing the paper into
said rollers his left hand was caught and drawn into and be-
tween two of said rollers, thereby tearing the flesh, etc.,
* * * and that such injury was caused by the negligence
and carelessness of defendant in not keeping the guiding tapes
on said press, and that the keeping of said tapes on said press
would have prevented the injury, then your verdict will be for
the plaintiff, *unless you shall also find that plaintiff was negli-
gent in respect to his act in getting upon the press to lead the
paper through the upper rollers and that such negligence
contributed to his injury,* or unless you further believe from
the evidence that said press was so dangerous as to threaten
immediate injury from its use, or that it was not reasonable to
suppose that it could be safely used with great skill or care."

The vice of this instruction is apparent. As said by defendant's counsel, the instruction in effect limits the consideration of plaintiff's contributory negligence to *"his act in getting upon the press* to lead the paper through the upper rollers." It is, to say the least, quite misleading, and calculated to have the jury understand that they were to take no notice of any negligence of the plaintiff except as it related to his conduct in climbing upon the frame work of the press in place of using the steps attached to the machine further south. As said in the supreme court in Barr v. City of Kansas, 105 Mo. 550: "In determining the question of the plaintiff's negligence all the facts and circumstances in evidence bearing upon that issue are to be considered and passed upon, not separately and independently, but in their entirety and in their combination with and relation to each other as shown; and it is the peculiar province of the jury, when thus viewing, to measure them by a standard of prudence and care derived from their own experience by what an ordinarily prudent and careful person would or should have done under the circumstances; and the court can not select out of those facts some one or more of them and affix to it, or them, an independent value without distorting the comprehensive view the jury should take of the case as a whole."

It may be, in this instance, that the jury thought the plaintiff entirely prudent in the manner and place of getting upon the press, but believed him imprudent and careless in the way he undertook to push the crumpled paper between the rollers. But under this instruction they were authorized to conclude that they were to disregard the acts of the plaintiff relating to the latter and confine themselves to the mere act of the plaintiff in getting upon the machine.

Nor are the defects of the foregoing instruction cured by the latter clause thereof or by others given by the court. The nearest approach to a corrective is found in the general instruction relating to contributory negligence where the court

told the jury, that if "they believed from the evidence that plaintiff, by the exercise of ordinary care, could have avoided the injuries, then plaintiff can not recover." But even under this instruction, the jury might well understand the court as meaning to include only such negligent conduct as had been specifically called to their attention in the other instruction.

At most this is a very close case under the law and the facts, and while permitting it to go to the jury it should be on instructions from the court without substantial fault. It is not at all improbable that this erroneous instruction did much to secure the verdict rendered.

Since then the case must go back for a new trial, we will suggest, that while we find no reversible error in other matters pointed out in defendant's brief, yet that it TRIAL practice: would be well to omit the testimony of witness suggestions as to new trial. George A. Harriman relating the conversation he had with the foreman as to the probable result of taking off the tapes. This was the merest hearsay. And again it would be well to amend the petition and state more specifically the negligent acts of the defendant and which are relied upon for recovery.

Judgment reversed and cause remanded.    All concur.